# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Sean J. Willey | Debtor(s) | CHAPTER 13 |
| MidFirst Bank vs. | Movant | NO. 19-14225 PMM |
| Sean J. Willey | Debtor(s) | |
| Tina M. Kaltreider | Co-Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,586.87**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2022 through June 2022 at $1,203.57/month |
| Accrued Late Charges due: | $86.19 |
| Suspense Balance: | ($110.03) |
| **Total Post-Petition Arrears** | **$3,586.87** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on July 2022 and continuing through December 2022, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$1,203.57** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$597.81 for July 2022 through November 2022 and $597.82 for December 2022** towards the arrearages on or before the last day of each month at the address below;

MidFirst Bank<br>
999 Northwest Grand Boulevard<br>
Oklahoma City, OK 73118

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: _____                By: /s/ Rebecca A. Solarz, Esquire
                                     Attorney for Movant

Date: 5/26/22                        _____
                                     Thomas W. Fleckenstein
                                     Attorney for Debtor(s)

Date: 6/3/22                         _____
                                     Scott Waterman
                                     Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Patricia M. Mayer Judge